23-6507-cr
*United States v. Sabin*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand twenty-four.

PRESENT:
> SUSAN L. CARNEY
> JOSEPH F. BIANCO,
> WILLIAM J. NARDINI,
> > *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                                          23-6507-cr

CHRISTOPHER SABIN,

> *Defendant-Appellant*.

---

| | |
|---|---|
| FOR APPELLEE: | David C. James, Nina C. Gupta, and Adam Amir, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, New York. |
| FOR DEFENDANT-APPELLANT: | Elizabeth A. Latif, Elizabeth A. Latif, PLLC, West Hartford, Connecticut. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (LaShann DeArcy Hall, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment, entered on May 12, 2023, is **AFFIRMED**.

Defendant-Appellant Christopher Sabin appeals from the district court's judgment of conviction following his guilty plea to committing a Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) ("Count One"), and possessing and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i), (ii) ("Count Two"). In addition to the charges that were the subject of his guilty plea, the same indictment charged Sabin, in connection with an incident separate from the robbery, with possession of a firearm and ammunition, after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The felon-in-possession count, however, was dismissed after the district court granted Sabin's motion to suppress the firearm as unlawfully seized from him in violation of the Fourth Amendment.

At sentencing, the district court determined that Sabin had a total offense level of nineteen and a criminal history category of IV. Based on this determination, the district court calculated an advisory United States Sentencing Guidelines ("Guidelines") range of 46 to 57 months' imprisonment as to Count One and a mandatory minimum of 84 months' imprisonment as to Count Two, to be imposed consecutively, which effectively resulted in a total Guidelines range of 130 to 141 months' imprisonment. After considering the relevant information under the factors set forth in 18 U.S.C. § 3553(a), including the suppressed firearm associated with the dismissed felon-in-possession count, the district court imposed a below-Guidelines sentence of 119 months' imprisonment.

On appeal, Sabin asserts that: (1) the district court erred in considering a suppressed firearm during sentencing; and (2) Amendment 821 to the Guidelines—which eliminated the two-point enhancement to the criminal history score, under U.S.S.G. § 4A1.1(d), for defendants who committed their offense while under a criminal justice sentence—requires a reduction in his criminal history category and, thus, his sentence should be vacated and the case remanded to allow the district court to consider whether to reduce his sentence pursuant to the amendment. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## I. Suppressed Firearm

Sabin argues his sentence is procedurally unreasonable because the district court considered the suppressed firearm without determining whether such consideration was precluded under the standard we articulated in *United States v. Tejada*, 956 F.2d 1256 (2d Cir. 1992). In *Tejada*, we held that, "[a]bsent a showing that officers obtained evidence expressly to enhance a sentence, a district judge may not refuse to consider relevant evidence at sentencing, even if that evidence has been seized in violation of the Fourth Amendment." *Id.* at 1263; *see also* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."); U.S.S.G. § 5K2.21 (noting that a district court may consider conduct in connection with a dismissed charge at sentencing).

More specifically, Sabin asserts that the district court erred in its consideration of the firearm at sentencing by failing to assess *sua sponte*, under *Tejada*, whether the officers in this case conducted the unlawful search of Sabin's bag, where the firearm was found, with the intent

to enhance his sentence. As a threshold matter, the government argues that Sabin has waived this argument. We agree.

Sentencing decisions are reviewed for procedural and substantive reasonableness under "a particularly deferential form of abuse-of-discretion review." *United States v. Davis*, 82 F.4th 190, 195–96 (2d Cir. 2023) (internal citations and quotation marks omitted). If, however, a defendant fails to raise his procedural objections at sentencing, "we may deem the [unraised] objections forfeited unless the defendant can demonstrate plain error." *Id.* at 196; *see also United States v. Degroate*, 940 F.3d 167, 174 (2d Cir. 2019). "Forfeiture occurs when a defendant, in most instances due to mistake or oversight, fails to assert an objection in the district court." *United States v. Spruill*, 808 F.3d 585, 596 (2d Cir. 2015). Although we have "discretion to correct errors that were *forfeited* because not timely raised in the district court, . . . no such discretion applies when there has been true *waiver*." *Id.* True waiver occurs when the defendant makes an "intentional decision not to assert a right," *id.* at 597, that is, a "deliberate choice to relinquish the protection th[e] right[] afford[s]," *Berghuis v. Thompkins*, 560 U.S. 370, 385 (2010). "Thus, forfeiture does not preclude appellate consideration of a claim in the presence of plain error, whereas waiver necessarily extinguishes the claim altogether." *United States v. Yu-Leung*, 51 F.3d 1116, 1121 (2d Cir. 1995) (internal quotation marks and citation omitted).

Here, we conclude that Sabin has waived any challenge to the district court's consideration of the suppressed firearm under *Tejada*. In particular, at sentencing, the district court stated, "I'm certain that [the government] is going to remind Mr. Sabin that the Court is also allowed to consider . . . the gun that I suppressed and I think I told Mr. Sabin that [after suppressing the gun]. So it will be interesting to see how this all washes out." App'x at 354–55. Sabin's counsel responded, "We actually talked to [Mr. Sabin] about that. He remembered it and so did I, Your Honor." *Id.*

at 355. Later in the sentencing, when the district court again stated its intention to consider the firearm, defense counsel reiterated that Sabin "doesn't dispute that." *Id*. at 368–69. Thus, Sabin's counsel not only failed to object to the district court's consideration of the firearm at sentencing, but affirmatively stated that he had no objection to such consideration. In short, because Sabin's counsel "actively engaged in the matter and agreed to [the] action taken by the district court" with respect to consideration of the firearm, any such challenge is waived on appeal. *Spruill*, 808 F.3d at 599; *see also United States v. Rainford*, 110 F.4th 455, 472 (2d Cir. 2024) (finding waiver when the defendant's "response . . . was intentional and affirmative"). Indeed, even if, "as a tactical matter, a party raises no objection to a purported error, such inaction constitutes a true waiver which will negate even plain error review." *United States v. Quinones*, 511 F.3d 289, 321 (2d Cir. 2007) (internal quotation marks and citations omitted); *see also United States v. Nash*, No. 23-6346, 2024 WL 3320861, at *3 (2d Cir. July 8, 2024) (summary order) (finding waiver of objection to supervised release condition when defendant "affirmatively challenge[d] only one aspect of [the] special condition" but otherwise "consented").[1]

## II. Amendment 821

Sabin argues that his "criminal history category of IV should be reduced to a III by the new Guidelines [Amendment 821] and the issue should be addressed by this Court and in the district court upon remand." Appellant's Br. at 12; *see also* Appellant's Reply Br. at 4 ("[T]he district court should be allowed to consider the Amendment and the [Guidelines'] policy statements in arriving at Mr. Sabin's sentence."). As set forth below, Sabin's request for remand to the district

---

[1] The fact that this waiver was effected through counsel, rather than through Sabin personally, does not impact the enforceability of the waiver under these circumstances. *Spruill*, 808 F.3d at 597 n.8 (noting that "[m]ost waivers are effected through counsel" and "a defendant who thinks his attorney's waiver of a point was unreasonable and prejudicial may have a Sixth Amendment claim for ineffective representation").

court for consideration of a potential reduction of his sentence, pursuant to Amendment 821, is now moot.

In October 2023, several months after Sabin filed his notice of appeal from the district court judgment in May 2023, he filed a *pro se* motion in the district court, pursuant to 18 U.S.C. § 3582(c)(2), seeking to reduce his sentence based on Amendment 821, which became effective on November 1, 2023 and applies retroactively. On September 12, 2024, after the parties had submitted briefing in the instant appeal, the district court denied the motion.[2] In particular, the district court concluded that, although Amendment 821 reduced his Criminal History Category from IV to III, his current sentence of 119 months' imprisonment still fell below the amended Guidelines range of 121 to 130 months' imprisonment and, thus, a reduction in his sentence was unwarranted.[3] *See* U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range . . . ."). Sabin has not appealed the denial of that motion. In short, his request for remand to allow consideration of Amendment 821 is now moot.

*          *          *

We have considered Sabin's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Although Sabin filed this motion after he filed his notice of appeal, the district court had the authority to deny the motion under Federal Rule of Criminal Procedure 37(a)(2).

[3] In light of that ruling, the district court denied the request for appointment of counsel as moot.